UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ROY L. SNELL, JR.,

        Petitioner,

v.

UNKNOWN PARTY,

        Respondent.
_____/

Case No. 1:22-cv-765

Honorable Robert J. Jonker

## OPINION

Petitioner Roy L. Snell, Jr. is a state pretrial detainee. Petitioner reports that he is awaiting trial on criminal charges in the Newaygo County Circuit Court, case number 2020-0012411-FC. He is detained in the Newaygo County Jail in White Cloud, Michigan. Petitioner reports that he has been detained awaiting trial for almost three years. The docket in his criminal prosecution supports that claim. *See* https://micourt.courts.michigan.gov/case-search/ (select "27th Circuit Court-Newaygo;" search Last Name "Snell," First Name "Roy;" select "Case ID" 2020-0000012411-FC) (last visited Aug. 29, 2022). Petitioner is charged with first-degree murder and use of a firearm during the commission of a felony. *Id*. According to the Newaygo County Circuit Court, the "offense date" is August 10, 1983. *Id*.

Petitioner claims that his continued detention violates his right to a speedy trial under the federal constitution and the state constitution, statutes, and rules. He also raises a plethora of other constitutional violations, some related to the criminal proceedings and others related to the conditions of his confinement. Petitioner raised all of these claims before in *Roy L. Snell, Jr. v. Unknown Party*, No. 1:22-cv-68 (W.D. Mich.) (*Snell I*). Judge Janet T. Neff dismissed that case

on February 8, 2022, because Petitioner had failed to exhaust his state court remedies. Petitioner filed a notice of appeal; but he failed to cure a deficiency and the appeal was dismissed for want of prosecution, initially, *Snell I* (ECF No. 18), and upon reconsideration, *Snell I* (ECF No. 22).

Petitioner's "petition" in this case, like his petition in *Snell I*, attacks his pretrial detention and, at least by implication, seeks release from custody. Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice as premature and for failure to exhaust available state-court remedies.

## Discussion

I.  **Speedy trial violation remedies under § 2241**

A habeas petition under 28 U.S.C. § 2254 requires entry of judgment before relief is available. A motion to vacate sentence under 28 U.S.C. § 2255 similarly requires that a prisoner be "in custody under sentence of a court" before relief is available. Neither of those statutes permits relief to a pretrial detainee. Where a pretrial detainee challenges the constitutionality of his or her

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

2

pretrial detention, he or she must pursue relief under 28 U.S.C. § 2241. *Atkins*, 644 F.2d at 546 n.1.

A claim for habeas relief under § 2241 is not subject to all of the specific statutory requirements set forth in § 2254. Thus, the § 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(1), does not apply to a § 2241 habeas petitioner. Nonetheless, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his detention specifically mention that he is being denied the right to a speedy trial.

Not every speedy trial claim, however, is properly raised by way of a pretrial habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . . "(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial and if he had already exhausted his state court remedies, this Court could entertain the petition.[2] Here, though, Petitioner is not seeking that relief. Instead, he is apparently asking the Court to release him and to dismiss the charges. That relief is "not attainable by way of pretrial habeas corpus." *Id*. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

## II.     Other grounds for relief

Even if Petitioner's other grounds for relief from his pretrial detention were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court

---

[2] Yet, if Petitioner had exhausted his speedy trial claims, and if he were seeking only an order compelling a prompt trial, the Court would be hard-pressed to afford Petitioner any relief that would be more meaningful than the trial presently scheduled for November 2022. *See* https://micourt.courts.michigan.gov/case-search/ (select "27th Circuit Court-Newaygo;" search Last Name "Snell," First Name "Roy;" select Case ID "2020-0000012411-FC;" select Events; view entry for June 14, 2022 ) (last visited Aug. 29, 2022).

remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not indicate that he has sought relief in the state courts—at least not beyond the Newaygo County Circuit Court—for the constitutional violations he alleges. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq*. Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner could not obtain federal habeas relief until he had pursued the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute. If that motion were denied initially, Petitioner would have to pursue available appeals of that decision. Relief under § 2241 would not be available until after Petitioner pursued his state court remedies.

The Court informed Petitioner of the exhaustion requirement when it dismissed his first habeas petition. Petitioner has made no further effort to exhaust his remedies in the state courts. *See* https://micourt.courts.michigan.gov/case-search/ (select "27th Circuit Court-Newaygo;" search Last Name "Snell," First Name "Roy;" select Case ID "2020-0000012411-FC;" select

Events; view entry for June 14, 2022) (last visited Aug. 29, 2022); *see also* https://www.courts.michigan.gov/case-search/?r=1 (search "Roy Snell," last visited August 29, 2002). Petitioner's return to this Court to file a new but virtually identical petition, without taking any steps to exhaust his remedies, is frivolous.

### III.   Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied either because it is premature or because he has failed to exhaust available state court remedies. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed as premature or as unexhausted. Therefore, a certificate of appealability will be denied. For the same reasons that the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial

showing of a denial of a constitutional right—and particularly because Petitioner has effectively refiled the same petition that was previously denied without any change in circumstances—the Court concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition without prejudice as premature and for lack of exhaustion and denying a certificate of appealability.

Dated:   September 1, 2022                             /s/ Robert J. Jonker
                                                                    Robert J. Jonker
                                                                    United States District Judge